136 Ill. App.3d 1027 (1985)
483 N.E.2d 1022
In re D.M.A., a Minor (The People of the State of Illinois, Petitioner-Appellee,
v.
Diane Annette Adams, Respondent-Appellant).
No. 4-85-0059.
Illinois Appellate Court  Fourth District.
Opinion filed September 25, 1985.
Daniel D. Yuhas and Deborah L. Rose, both of State Appellate Defender's Office, of Springfield, for appellant.
Ronald C. Dozier, State's Attorney, of Bloomington (Robert J. Biderman and Rebecca L. White, both of State's Attorneys Appellate Service Commission, of counsel), for the People.
Appeal dismissed and cause remanded.
JUSTICE WEBBER delivered the opinion of the court:
This case demonstrates what procedural morasses await the unobservant when adequate supervision is not exercised over the preparation of notices of appeal by nonjudicial personnel.
The minor, who has not appealed, was adjudged delinquent and made a ward of the court in September 1983. At the dispositional hearing on December 30, 1983, the minor's guardianship was transferred to the Department of Children and Family Services with authority to *1028 place; the minor himself was placed on 24 months' probation; and the minor's mother was placed under a protective order. The mother first requested that a notice of appeal be filed and then withdrew the request.
Seven and one-half months later, on August 23, 1984, the mother filed a supplemental petition asking that guardianship of the minor be returned to her. On November 5, 1984, the State filed a petition asking that the minor's probation be revoked. Both petitions were heard by the circuit court of McLean County on December 31, 1984. The trial court apparently denied the petition to revoke probation and placed the minor on an amended 24-month order of probation. One of the conditions of that order was 30 days' periodic detention on 15 weekends; however, the juvenile court officer was granted authority to stay the detention if the minor had abided all the conditions of his probation during the prior week.
The trial court also denied the mother's supplemental petition to transfer guardianship to her and placed her under an amended 24-month order of protection.
The court then explained the appellate rights to both the minor and his mother. No response was forthcoming from the minor or his counsel. The mother's counsel stated:
"Your Honor, [the mother] has indicated she would like to appeal, and I would ask the Court to appoint counsel to represent her on appeal."
The court then stated:
"All right. Court will order the Clerk to file a notice of appeal on behalf of the mother. Court will appoint the Fourth District Appellate, or State Appellate Defender of the Fourth Judicial District as counsel for the mother."
The clerk on January 30, 1985, filed a notice of appeal, naming only the mother as the appellant. The notice is obviously that used in criminal cases. In pertinent part it provides:
"4. Date of Order
December 31, 1984
5. Offense of which convicted:
N/A
6. Sentence:
Mother placed under Order of Ptotection [sic]
7. Nature of Order Appealed from:
Order of Protection."
Briefs were then filed in this court by the parties. The appellant raised two issues: (1) improper delegation of judicial authority to the *1029 juvenile court officer to stay detention, and (2) abuse of discretion in denying the mother's supplemental petition for change of guardianship. The appellee filed an answering brief without raising any other issue.
On our own motion we issued a rule to show cause why the appeal should not be dismissed for lack of jurisdiction in this court. The appellant filed a dual motion: (1) to amend the notice of appeal to include the denial of the supplemental petition, and (2) for leave to file a supplemental brief on the subject of jurisdiction. The motion to amend was taken with the case and the motion to file a supplemental brief was allowed.
 1 In the first instance it must be emphatically noted that the minor is not an appellant. He was separately represented in the trial court and upon explanation by the trial court of appellate rights, neither he nor his counsel requested an appeal, and the only notice of appeal on file in this case is that of the mother. She has no standing to appeal on behalf of the minor and therefore the issue raised in the briefs concerning only the minor, i.e., improper delegation of judicial authority, will not be considered.
The motion to amend the notice of appeal raised a more intricate question. Supreme Court Rule 660 (87 Ill.2d R. 660) provides that appeals from final judgments in delinquency cases shall be governed by rules applicable to criminal cases and that appeals in "all other proceedings under the Juvenile Court Act" shall be governed by rules applicable to civil cases. Since the instant case is not an appeal from the final judgment of delinquency, it is apparent that civil appeal rules apply.
Supreme Court Rule 303(c)(4) (87 Ill.2d R. 303(c)(4)) governs amendments to a notice of appeal. In pertinent part it provides:
"An amendment specifying a part of the judgment not specified in the original notice of appeal may not be made later than 30 days after the entry of the judgment.
 2 In the case at bar the motion to amend the notice of appeal was filed August 6, 1985, a date well beyond any 30-day limit from the judgment of December 31, 1984. Since the motion seeks to amend by including "denial of relief requested in supplemental petition and dispositional order" dated December 31, 1984, it is obvious that appellant sought to include a part of the judgment not included in the original notice of appeal. The plain meaning of Rule 303(c)(4) must be applied and the motion to amend is denied.
 3 In view of the fact that appellant seeks to have the ruling on the supplemental petition reviewed, and in view of the further fact that there is nothing in the briefs of the parties regarding the protective *1030 order, we find that the question of that order has been waived. We offer no opinion as to its appealability.
We are aware that we possess no extensive rule-making power, but we strongly suggest that trial counsel in situations such as in the instant case should carefully examine a notice of appeal prepared by a clerk in order to ascertain whether it truly reflects the action taken by the trial judge and the wishes of the appellant. Under Supreme Court Rule 13(c)(2) (87 Ill.2d R. 13(c)(2)) an attorney may not withdraw except by leave of court. Even though a notice of appeal has been filed, trial counsel still has an obligation to his client until released by the trial court. Appellate counsel generally will not see the record until some time well beyond the 30-day amendment period and must depend on the notice of appeal to reflect accurately what is in fact being appealed.
It is fortunate in this case that no permanent prejudice has been suffered by the appellant since another petition for change of guardianship can be filed upon remand. However, we can envision without difficulty in other cases a less happy outcome.
The motion to amend the notice of appeal is denied, and the appeal is dismissed. Cause remanded.
Appeal dismissed and cause remanded.
TRAPP and MORTHLAND, JJ., concur.